## DETTMERS v. TAYLOR et al.

Court of Appeals of District of Columbia.

Submitted October 4, 1928. Decided November 5, 1928.

No. 4696.

Julius I. Peyser, George E. Edelin, and Theodore D. Peyser, all of Washington, D. C., for appellant.

George E. Sullivan, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellant, plaintiff below, filed a bill in equity in the Supreme Court of the District of Columbia seeking an injunction to restrain the foreclosure and sale of certain real estate; to wit, 401 East Capitol street, in this city, under the terms of a first deed of trust.

It appears that on the 9th day of November, 1926, plaintiff sold an apartment house to defendant Elisha P. Taylor, and as part of the purchase price Taylor agreed to give appellant a note in the sum of $5,000, payable on or before one year, with interest at 6 per cent., payable semiannually, secured by a second deed of trust on premises 401 East Capitol street. It was agreed in the contract of purchase that the $5,000 note was secured by a second deed of trust, and the contract also stipulated "that the first trust on 401 East Capitol street is $20,000 due in about two years."

It is averred in the bill that at the time the contract was signed Taylor was the owner of both the legal and equitable title in premises 401 East Capitol street, and that it was not then in fact incumbered by a first trust of $20,000. Between the time of making the contract and the carrying out of its terms between Taylor and plaintiff, Taylor, without consideration, transferred the title to the property to one Margaret C. Cox, alleged to be "an impecunious person with no financial responsibility," who in turn executed, without consideration, to Taylor a note for $20,000 secured by a trust deed, and a note for $5,000 secured by a trust deed. The $20,000 trust deed was filed for record first, making it, so far as the record was concerned, the first incumbrance and prior to the deed of trust securing the $5,000 note. The $5,000 note Taylor indorsed "without recourse," and turned it over to plaintiff. Cox, who it is alleged was a mere conduit for the transfer of title, conveyed, without consideration, the property to Grace E. Taylor, the wife of defendant Elisha P. Taylor.

When the first installment of interest on the $5,000 note became due, plaintiff advised Taylor, who replied by letter that he was not the owner of 401 East Capitol street, and that the payment of interest on the $20,000 note held by him had not been paid, and that if the same was not paid he would request the trustees to sell the property in accordance with the terms of the deed of trust.

Appellant filed the present bill charging fraud, with the prayer that a final decree be entered "setting aside and holding void and of no effect the first deed of trust in the sum of $20,000 * * * and that the deed of trust securing the note of $5,000 be" decreed a first deed of trust with priority over the $20,000 trust.

Defendants filed a motion to dismiss the bill, which was sustained by the trial court, and from the decree this appeal was taken.

█ It is elementary that, when a note secured by a mortgage comes into the possession of the maker, the note and the mortgage securing it are extinguished and will not

be permitted to compete with another note made by the same party and held by an innocent third party. While this exact principle is not here directly involved, it inferentially has an equitable bearing upon the peculiar facts of this case. The $5,000 note held by plaintiff, we think, should have been treated as the valid obligation of defendant Taylor. Should the $20,000 note under the facts disclosed be permitted to compete with it? We think not. Taylor gave no consideration whatever for the $20,000 note. It was issued solely for the purpose of bringing the title to the property back into his possession, in such a way as to destroy the security for plaintiff's note. The $20,000 note was without consideration; the conveyance from Taylor to Cox was without consideration; and the conveyance from Cox to Mrs. Taylor was without consideration. In other words, by this fraudulent device Taylor was enabled to so juggle the title to the property without the expenditure of a cent, except possibly a few dollars for recording fees, as to totally divest the plaintiff of her security.

But defendant answers that plaintiff has the remedy always open to the holder of a second trust; namely, to step in and pay the first trust and protect her security; but that obligation on the part of the holder of a second trust relates only to a valid transaction. If plaintiff was induced fraudulently to accept a second trust, defendant is not entitled to invoke as a defense any rule of law or equity applicable to bona fide transactions. His deception, which amounts to fraud, vitiates the whole transaction, and divests him of any standing in equity. When plaintiff, at the hands of Taylor, accepted the Cox note for $5,000, secured by a second trust on property which Taylor had fraudulently placed out of his possession for the purpose of negotiating this trust, she was justified in assuming that the first note and trust had been given for a valid consideration and on a loan basis, which compared reasonably with the actual value of the property, and which would not only induce its payment by the mortgagor, but assure reasonable security for the second trust.

So far as the $20,000 is concerned, we are not incumbered with any question as to the right of an innocent purchaser for value. The note still remains in Taylor's possession. While Taylor is not the maker of the notes, the fact remains that they were executed by Cox for his accommodation and without consideration. Taylor would have no right of action against Cox on these notes; hence we think the situation is not different in equity from what it would be had Taylor himself actually signed the notes. What in effect occurred was equivalent to Taylor incumbering his own real estate to the extent of $20,000. This note, therefore, in Taylor's possession, becomes merely a worthless piece of paper as against his bona fide creditors. We think there is no rule of justice or equity that will permit him to use this first trust as a fraudulent weapon with which to destroy the second trust.

The decree is reversed, with costs, and the cause is remanded for further proceedings, not inconsistent with this opinion.